# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

TIMOTHY LEPPO

    v.

JACOBS FACILITIES, INC.

Civil Action No. CCB-09-3415

...o0o...

## MEMORANDUM

Now pending before the court is a motion for summary judgment filed by defendant Jacobs Facilities, Inc. ("JFI"). Plaintiff Timothy Leppo filed this personal injury suit against JFI and alleges that the company's negligence caused his injuries. The issues in this case have been fully briefed and no hearing is necessary. For the reasons stated below, the defendant's motion for summary judgment will be granted.

## BACKGROUND

In October 2005, Mr. Leppo worked for a subcontractor as a drywaller on a construction project ("the Project") at the Fallon Federal Building, located at 31 Hopkins Plaza, Baltimore, Maryland. The General Services Administration ("GSA") undertook the Project and selected JFI as the Construction Manager and Whiting-Turner Contractors ("Whiting-Turner") as the general contractor. As Construction Manager, JFI was responsible for various managerial tasks, such as preventing construction delays, checking compliance with building codes and construction plans, and "monitoring construction contractor compliance with established safety standards." (Def.'s Summ. J. Mot. Ex. A at I-C-10 to I-C-11.) Pursuant to this last responsibility, JFI was to "note and report unsafe working conditions [and] failures to adhere to [the] safety plan required by

construction requirement." (*Id.* at I-C-11.) Furthermore, JFI's inspectors were required to physically inspect the worksite to monitor safety requirements and "notify the construction contractor orally and in writing when unsafe working conditions are observed." (*Id.* at I-C-5.) JFI's contract with the GSA also stated: "Nothing in this contract shall be construed to mean that the [Construction Manager] assumes any of the contractual responsibilities or duties of the architects-engineers or the construction contractors. The construction contractors are solely responsible for construction means, methods, sequences and procedures used in the construction of the projects…." (*Id.* at I-C-4.)

On October 31, 2005, Mr. Leppo was working on scaffolding that moved on wheels. Unbeknownst to Mr. Leppo, one of the wheels was situated on top of a hole that been covered with duct tape, but not marked. When the scaffolding moved, the wheel broke through the tape, causing Mr. Leppo to fall from the scaffolding and injure himself. Mr. Leppo filed suit against JFI and EwingCole, Inc., the architect/engineer of the Project, in state court, alleging that both defendants negligently breached their duty of care to maintain the premises safely and to protect Mr. Leppo against injury caused by unreasonable risk. The parties then stipulated to the dismissal of all claims against EwingCole, Inc., and Mr. Leppo filed an amended complaint naming JFI as sole defendant. With EwingCole, Inc. no longer in the case, the remaining parties were completely diverse from each other, and JFI removed the case to federal court, invoking the court's diversity jurisdiction. JFI now moves for summary judgment, arguing that it had no duty to protect Mr. Leppo and, in the alternative, that it did not know, nor should it have known, about the alleged hole in the floor.[1]

---

[1] Mr. Leppo testified that he did not see the hole, and that the floor appeared "flat" and all the same color. (*See* Def.'s Summ. J. Mot. Ex. C at 69.)

## ANALYSIS

Federal Rule of Civil Procedure 56(c) provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). Whether a fact is material depends upon the substantive law. *See id.*

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion,'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (alteration in original) (quoting *United States v. Diebold*, 369 U.S. 654, 655 (1962)), but the court also must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993) (internal quotation marks omitted).

To prevail on a claim of negligence, a plaintiff must prove: "(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from

3

the defendant's breach of the duty." *Muthukumarana v. Montgomery County,* 805 A.2d 372, 395 (Md. 2002) (quoting *BG & E v. Lane,* 656 A.2d 307, 311 (Md. 1995)). JFI argues that Mr. Leppo's claims fail because, although JFI agreed to monitor safety on behalf of the GSA, it did not owe the employees of construction contractors and subcontractors a duty of care. *See Brady v. Ralph M. Parsons Co.*, 609 A.2d 297, 282 (Md. 1992) (noting in dicta that "when parties contract with one another to undertake a duty which neither of them is under a legal obligation to perform, they may have a responsibility to each other for a breach of that agreement, but a previously non-existent tort duty to third persons will not thereby be created").

Mr. Leppo, however, contends that JFI had a duty to note and warn of unsafe conditions. He relies on Restatement (Second) of Torts § 414, which provides:

> One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care.

Comment C clarifies what is meant to by "control":

> In order for the rule stated in this Section to apply, the employer must have retained at least some degree of control over the manner in which the work is done. *It is not enough* that he has merely a general right to order the work stopped or resumed, *to inspect its progress* or to receive reports, *to make suggestions or recommendations which need not necessarily be followed*, or to prescribe alterations and deviations. Such a general right is usually reserved to employers, but it does not mean that the contractor is controlled as to his methods of work, or as to operative detail. *There must be such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way.*

(emphasis added).

Although JFI monitored safety on the construction site, it lacked authority to compel Whiting-Turner to take any safety precautions. As specified in its GSA contract, JFI did not control the means and methods of construction and, therefore, may not be held liable for any harm resulting

from Whiting-Turner's alleged safety oversights. *See Appiah v. Hall*, 962 A.2d 1046, 1061 (Md. Ct. Spec. App. 2008) (holding that although the defendant had "the ability to recommend or impose safety requirements," this did not mean that it retained "control over the very thing that caused the injury," as contemplated by § 414); *Wajer v. Baltimore Gas & Elec. Co.*, 850 A.2d 394, 403-04 (Md. Ct. Spec. App. 2004) (concluding that the defendant, despite conducting safety inspections and coordinating safety efforts on the construction site, lacked the necessary degree of control to trigger a duty of care to construction contractor employees under § 414 because its inspector could only request that unsafe conditions be changed and could not control the "methods, techniques, or sequences of the work to be performed").

Nor does JFI owe Mr. Leppo a duty of safety under Restatement (Second) of Torts § 324A.[2] Section 324A imposes tort liability in certain circumstances when one undertakes "to render services to another which he should recognize as necessary for the protection of a third person or his things." JFI, however, did not render any services to Whiting-Turner or the construction subcontractor that employed Mr. Leppo; it only rendered its managerial services to the GSA. The fact that JFI monitored safety at the site and was authorized to notify Whiting-Turner of any safety problems, does not indicate that JFI engaged in its safety monitoring services for the benefit of the construction contractors. S*ee Trosclair v. Bechtel Corp.,* 653 F.2d 162, 164 (5th Cir.1981) (finding that the defendant, despite inspecting and monitoring for safety violations, was not liable to the

---

[2] § 324A provides:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if (a) his failure to exercise reasonable care increases the risk of such harm, or (b) he has undertaken to perform a duty owed by the other to the third person, or (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

5

construction contractor's injured employees under § 324A because it did not conduct these activities "for the purpose or with the idea of rendering services to [the contractor] or to its employees").

Finally, to the extent Mr. Leppo claims that JFI owed him a duty of care as an invitee, this argument also fails because the federal government, not JFI, owned the Fallon Federal Building worksite and Mr. Leppo has not alleged that JFI had exclusive control or possession over the site. *See Rowley v. Mayor & City Council of Baltimore*, 505 A.2d 494, 498 (Md. 1986) (noting that an individual who is not the landowner will owe a duty to invitees if he has exclusive control and possession over the land). Therefore, as JFI did not owe Mr. Leppo a duty to protect him, Mr. Leppo's negligence claim must fail.[3]

## **CONCLUSION**

For the foregoing reasons, the defendant's motion for summary judgment will be granted. A separate Order follows.

| August 6, 2010 | /s/ |
|---|---|
| Date | Catherine C. Blake |
| | United States District Judge |

---

[3] Because the court finds that JFI did not owe Mr. Leppo a duty to protect him, Mr. Leppo's motion to extend discovery in order to take the deposition of the inspector and possibly retain an expert on construction safety is now moot and will therefore be denied.